DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAVIER MEDINA-TAMAYO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-377

[May 3, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case No. 50-2019-CF-008319-AXXX-MB.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

In appellant's appeal from his conviction and sentence for multiple crimes, including first-degree murder and attempted murder, he raises two issues. First, he contends that the court erred in failing to suppress a witness identification, claiming that the State used unduly suggestive procedures when the witness identified appellant from a single photograph. Second, he maintains that the court erred in refusing to reinstruct the jury on the burden of proof in response to a jury question. We affirm.

As to the first issue, we conclude the witness's single-photo identification was not procured by State action. Appellant's parents, not the State, showed the witness the single photograph of appellant shortly after the murder. At that time, the witness positively identified appellant. Soon after, the investigating detective showed the same photo to the witness for a second time to watch her reaction to it, not to verify her identification. As appellant's parents, rather than the State, were responsible for the witness's identification from the single photo, the court

did not err in denying the motion to suppress the identification. *See State v. Parker*, 991 So. 2d 411, 415 (Fla. 3d DCA 2008) ("[B]ecause the exclusionary rule in respect to Fourth Amendment violations is based upon the deterrence of illegal police or prosecutorial action, **it is not triggered by the actions of private persons however egregious they may be**.") (quoting *State v. Pailon*, 590 A.2d 858, 861 (R.I. 1991)); *see also Coolidge v. N.H.*, 403 U.S. 443, 488 (1971) ("The exclusionary rules were fashioned 'to prevent, not to repair,' and their target is official misconduct . . . . But it is no part of the policy underlying the Fourth and Fourteenth Amendments to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals.").

In his second issue, appellant contends that the court erred in failing to reinstruct the jury on burden of proof after the jury submitted a question asking whether appellant could have obtained additional evidence in his defense. The court instructed the jury that it must rely only on the evidence presented at trial. The jury had already been instructed on the State's burden of proof and appellant's presumed innocence both orally and in writing, and the court only declined to reinstruct the jury with these same instructions. The court did not err. *See Alexander v. State*, 778 So. 2d 1017, 1021 (Fla. 4th DCA 2000) ("[W]e cannot conclude that the failure to answer the jury question constituted harmful error when the jury was appropriately instructed on the law in question, including the standard jury instruction that appellant himself suggests would have answered the jury question.").

*Affirmed.*

WARNER, GERBER and ARTAU, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2